· 11474

SHEALY *ET AL.*, RAILROAD COMMISSION v. TAYLOR *ET AL.*

(122 S. E., 491)

Carriers—Operation of Motor Vehicles for Hire Not Within Jurisdiction of Railroad Commission.—Under Act March 24, 1922 (32 St. at Large, p. 938), and other acts, conferring and defining the powers and prescribing the duties of the railroad commission, the business of operating motor vehicles for hire is not within the commission's regulatory jurisdiction.

Before DeVore, J., Richland, September, 1923.  Affirmed.

Proceeding by Frank W. Shealy and others, constituting the Railroad Commission of South Carolina, against J. E. Taylor and others.  Judgment for defendants, and plaintiffs appeal.

The circuit decree follows: .

The above matter came up for hearing before me on a rule to show cause served upon defendants why they and each of them should not be restrained and enjoined from operating motor vehicles within this State for hire until they comply with the rules and regulations promulgated and established by the Railroad Commissioners, as alleged in the petition herein.

"The Railroad Commissioners contend and assert that, inasmuch as authority has been given the Commissioners to supervise and regulate all public utilities operating in this State, under Act of the General Assembly passed at regular session.of 1920, and subsequent Acts, it has made rules governing motor vehicles transporting, etc.

"For the purposes of this proceeding, however, Rule No. 3 is the one involved here, and reads: 'On and after July 15th, 1923, it shall be unlawful for any person, company ·cr corporation to operate any motor vehicles for hire without filing with the Railroad Commissioners a satisfactory bond for property damage insurance policy, or a personal bond with proper surety satisfactory to.the Commissioners, for the benefit of persons who sustain damage or injury from negligent operation of any motor vehicle described.herein.'

"The contention of defendants, or respondents, is that Rule No. 3 was not authorized, nor did the Railroad Commissioners have authority to make such a rule.    The question before me, therefore, is:    Did the Commission exceed its authority granted it by the Legislature in making Rule No. 3?    In order to answer this question it is necessary to construe the Act of the General Assembly upon which the Commissioners base their authority for making the rule.

"Section 922 of the Act approved the 24th day of March, 1922 (32 Stat. at Large, page 938, § 1), and which is involved in this question, reads: 'The term "public utility," when used in this Act includes every corporation and person furnishing or supplying in any manner gas, * * * electric

power, water and street railway service, or any of them, to the public, or any portion thereof, for compensation.' It is clear to my mind that neither of the above included subjects would cover or embrace motor vehicles as used in Rule 3.

"The Railroad Commissioners contend, however, the Act in defining the term public or any portion thereof, gives an additional or new definition to public utilities, and includes motor vehicles: The Act reads: 'The term "public or any portion thereof" as used herein, means the public generally, or any limited portion of the public, including a person, private corporation, municipality, or any political division of the State, to which the service is performed, or to which the commodity is delivered, and whenever such corporation or person performs a service or delivers a commodity to the public, or any portion thereof, for which compensation is required, such corporation or person is hereby declared to be a public utility.' Under the definition of 'public utilities,' the Act has reference to and speaks of corporations and persons furnishing or supplying in any manner gas, electricity, heat, electrical power, etc., and in the definition of the term 'public,' as above stated and quoted, these words are used: 'To which the service is performed, or to which the commodity is delivered.' These words have reference to the terms used in defining 'public utilities'—gas, heat, electricity, etc.—and not to service furnished by motor vehicles, nor to commodities delivered by them. Then, again, under subdivision (d) of said section: 'Any corporation or person not engaged in business exclusively as a "public utility," as hereinbefore defined, shall be governed by the provisions of this Act in respect only of the "public utility," owned, leased, operated or managed by it, or by him, and not in respect to any other business or pursuit.'

"To my mind, this clearly showed the Act did not include motor vehicles.

"Again, in Section 923, subdivision (c), 'The books and accounts of all public utilities shall be subject to the examination of the Railroad Commission at any time.' This is a strong indication showing the Act did not include motor vehicles. And, I may add, the Act all through shows motor vehicles were not contemplated by, or included in, the Act.

"For the above reasons, it is ordered that the rule be, and the same is hereby, dismissed. I am of the opinion, however, that with proper legislation the Legislature could authorize and empower the Railroad Commissioners to regulate the operating of motor vehicles."

*Messrs. S. M. Wolfe, Attorney General,* and *Thomas & Lumpkin,* for appellants, cite: *Railroad Commission* Act 533, 1922, Sec. 6; Act 525, 1922, Secs. 922-923; Note meaning of words sub-divisions a, b, c; Act 533, Sec. 922.

*Messrs. Cole L. Blease* and *C. T. Graydon* for respondents.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Appeal from an order of Hon. J. W. DeVore, Circuit Judge, denying an application of the Railroad Commission to enjoin certain persons operating motor vehicles for hire from further carrying on such business until they had complied with certain rules and regulations promulgated by the Commission. The question involved is whether under Acts of the General Assembly conferring and defining the powers and prescribing the duties of the Railroad Commission the business of operating motor vehicles for hire was embraced within the regulatory jurisdiction of the Commission. The points raised by the exceptions are fully covered by the decree of the Circuit Judge. We are satisfied the conclusion reached by him is sound, and, for the reasons therein stated, the judgment of the Circuit Court is affirmed.

Messrs. Justices Watts, Fraser and Cothran concur.
Mr. Chief Justice Gary did not participate.