14296

CITY OF COLUMBIA v. PEARMAN *ET AL.*

(185 S. E., 747)

November, 1935.

301

304

306

*Mr. A. F. Woods,* for appellants,

*Messrs. W. C. McLain* and *J. B. S. Lyles,* for Broad River Power Company.

*Mr. Paul A. Cooper,* for respondent,

May 13, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The appeal taken in this cause is from an order of Judge Bellinger, dated November 20, 1935, directing the Public Service Commission to pass on the merits of a petition previously filed with it by the City of Columbia, by which it was sought to have the commission require the Broad River Power Company, then and now furnishing the public transportation in the city, partly by means of street cars and partly by motor buses, to discontinue all street car service and to substitute in lieu thereof service wholly by means of motorbuses. The well-prepared circuit decree, which will be reported, sufficiently states the pertinent facts and the issues involved.

Counsel for the members of the commission, appellants here, has filed with the Court a very strong and persuasive argument. He contends that the Circuit Judge was in error in holding that the Public Service Commission would have jurisdiction to regulate public transportation in the City of Columbia supplied entirely by means of motorbuses. Three main points are made in support of this contention: (1) That the cases of *Shealy v. Taylor,* 128 S. C., 365, 122 S. E., 491, and *Columbia Gaslight Company v. Mobley,* 139 S. C., 107, 137 S. E., 211, are controlling of the question.

(2) That the authorities relied on by the Circuit Judge do not support the conclusions reached by him. (3) That in any event, all doubt is set at rest by the Motor Bus Act of April 8, 1925 (34 St. at Large, p. 252).

As to the *Shealy case,* while it is true that the Railroad Commission there contended that authority, under the Acts of the General Assembly, had been given it to supervise and regulate all public utilities operating in this State, the decision of the Court was rested upon the Act approved March 24, 1922 (32 St. at Large, p. 938), and it does not appear that what is now Section 8248 of the Code was considered or passed upon in connection therewith.

*Columbia Gaslight Company v. Mobley, supra,* however, appears to be more directly in point. The Court there did consider what is now Section 8248 (Section 6 of Act approved March 6, 1922, 32 St. at Large, p. 956), and held that, as this section did not define what are "public utilities" within the meaning of this term as used in the statute, and as the statute was elsewhere silent as to what corporations this classification included, it was necessary, in order to correctly interpret the legislative intention, to construe this Act in connection with the Act approved March 24, 1922— with especial reference to what is now Section 8252 of the Code.

With regard to the last-named case, Judge Bellinger held that the portion of the decision relied on by the commission was *dictum,* and stated that this *dictum* "suggests an inaccurate construction of the statutes." Whether he was right in these conclusions or not seems immaterial, as a later decision of this Court has set at rest the question whether the commission has authority under Section 8248 to make substitution of bus service for street car service. In *City of Columbia v. Tatum,* 174 S. C., 366, 177 S. E., 541, 553, the issue was whether the Railroad Commission had jurisdiction to make such substitution on Shandon Annex line, from the intersection of Sumter and Gervais Streets to

the southeastern terminus of that line, which contemplated only a partial substitution. The commission at first granted the petition, but on a rehearing of the matter reversed its former orders upon the ground that it was without jurisdiction to give the relief prayed for. Suit was then instituted by the city against the commission. Circuit Judge Mann, who heard the matter, in a very able decree reviewed the history of the street railway litigation in Columbia and the gradual substitution of buses for street car service, and reached the following conclusion: "Careful study of the reported and relevant unreported opinions and orders of the Supreme Court convinces me that the Supreme Court has decided that substitution may be safely made." On appeal the decree was affirmed, this Court stating, however, that it would not be amiss to add that the jurisdiction of the Railroad Commission was further sustained by the provisions of Section 8248 of the Code, quoting that section. It then said: "It would be difficult to conceive of a more liberal grant of power. It is sufficient to embrace that power which the Railroad Commission exercised in these premises, which is approved by the circuit decree."

Upon full consideration of the question, we are of opinion that, if the commission has authority, as held in the *Tatum case,* to make substitution in part under Section 8248, it is empowered by the same section to make entire substitution; and when it has done so, the Public Service Commission will have full power and jurisdiction, under the provisions of that Section (8248), to supervise and regulate public transportation in the City of Columbia supplied wholly by means of motor buses. Should this holding appear to run counter to any former decision of this Court, then such decision is overruled to that extent.

We have read with interest the argument of counsel with respect to point (3). We are of opinion, however, that the provisions of the Motor Bus Act of 1925 (Sections 8507-8530, Code of 1932) do not apply here. That Act (34 St.

at Large, p. 252) provides for the regulation of motor vehicles "used in the business of transporting persons or property for compensation over any improved public highway * * * in this State," and covers, with amendments, the state-wide bus and truck lines doing business as common carriers and contract haulers over these highways. Nor do we think that the 1935 amendment to Section 8522 (Act April 24, 1935, 39 St. at Large, p. 349) has the effect claimed by counsel for the appellant. It appears that this amendment was merely intended to enlarge the exception contained in that section. In any event, it has no bearing on the question before us, as the commission's jurisdiction here, as indicated, is found in other sections of the Code.

The appellants also contend that this is not a proper case in any event for the drastic remedy of mandamus. While it is true that this power should be exercised by the Courts with circumspection and caution, we think, for the reasons stated by the Circuit Judge in his decree, that it was properly used in this case.

The order appealed from is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER dissents.